Next case is Walter Rehm v. Secretary of Veterans Affairs, 2015, 7065. Mr. Lacroix. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. The rule of law established in STEFL holds that a legally adequate examination contains three components. First, the examination must be based upon the veteran's prior medical history and examinations. Second, the examination must describe the disability in sufficient detail so that the Board's evaluation of the claimed disability will be fully informed. And third, and what's at issue in this case, is that the examination must clearly address the relevant facts in medical science. Isn't the adequacy of an examination factual? Ultimately, the finding as to whether the examination is adequate is factual. But what's at issue in this case is whether or not the Veterans Court actually used the correct legal standard, which includes this third requirement that the examiner must clearly address the relevant facts in medical science. It's our contention that the Veterans Court misinterpreted the law by turning that requirement of a VA examination into an R&B, reasons or basis, obligation on the Board. It's our argument that this standard incorrectly shifts the analysis of the relevance and significance of medical facts from the medical expert to the Board of Veterans' Appeals, which is in violation of the Veterans Court's own precedent in Colvin, as well as the requirement in 38 U.S.C. 7104A that the Board's decision must be based on the evidence of record. Therefore, we would argue the case should be remanded in order for the Veterans Court to adjudicate the adequacy of these medical examinations in this case under the correct rule of law that VA examiners must clearly address the relevant facts in medical science. So this argument was directly raised to the Veterans Court below. We specifically cited to Colvin, and we cited to Steffel as well as Nieves-Rodriguez for the contention that these examinations were inadequate due to their failure to address these lay statements that Mr. Rems submitted on his own behalf for his claim. So we have multiple statements in this case from Mr. Rems' fellow service members which describe his reaction to the event, the fact that he was unable to sleep, the fact that he repeatedly stated that he could not get these events out of his head, as well as the nature of the events themselves, giving graphic detail as far as what Mr. Rem actually witnessed in service. And what the examiner stated in the examination is essentially if only, well, to directly quote the examiner on page 62 of the joint appendix, the difficulty in Mr. Rems' case is that after the incident, he didn't report any symptoms, nor was he treated for anything other than depression, and if he had sought out psychiatric help for trauma-related anxiety, it would have made a case for traumatic versus a tragic incident having occurred. It's our contention that these lay statements, particularly in the joint appendix at page 50, there's a detailed statement from a Richard T. Nelson that describes that, in fact, Mr. Rems was there, he became horribly upset and extremely emotional, and in the weeks afterwards, he could not carry on any extended conversation. He seemed emotionally changed. And it's these types of complaints that it seems as if the examiner in this case was looking for in order to find that either his depression is related to service or that he had a qualifying stressor for purposes of PTSD. So that's where the standard in STFL comes in is that we believe that if the Veterans Court had properly applied the standard enunciated in STFL, it likely would have found that the examination was inadequate for ratings purposes. And we also think that the harm here is that the significance of these symptoms in service is ultimately a medical determination, that the board, as well as, and even Mr. Rems, is not competent to make. And by the board's own statements in its decision, it found that Mr. Rems, as well as, and in discussing these particular statements, the board found that these lay people are not competent to establish a nexus with service. By the same token, the board is also not competent to say that these symptoms in service do not indicate a nexus with service. And that's exactly why the Veterans Court in STFL emphasized so much that the standard here is whether or not the examiner has provided the medical opinion that's needed so that the board does not have to stray into relying on its own medical determinations in adjudicating the claim. So it's our position that because the Veterans Court, in this case, applied the wrong legal standard, the case should be remanded to adjudicate the case under the correct legal standard, which requires the medical examiner to address the relevant facts in medical science. We specifically raised this to the Veterans Court below. The veterans' response was that the examiner doesn't need to address favorable evidence. We believe this represents and shows the Veterans Court's misinterpretation of the law, and we would request that this court remand. I have a question for you. On page 862, the language that you were relying on in the medical opinion says things like, the difficulty with Mr. Rems' case is that after the incident, he didn't report any symptoms, nor was he treated for anything other than depression. And your response is, well, here he was reporting these things to lay people. But I think the point here is that he was being treated for depression, and he didn't report anything to the people who were treating him. Once I start delving into that, I'm getting into those facts, I feel like I'm looking at factual issues. And this court isn't supposed to be looking at factual issues. Right, and, of course, we're not asking the court to look at the factual issues in this case. We think that there's certainly a factual dispute as to whether or not these examinations are adequate. And VA argued in their brief that the examiners, in fact, did consider these statements. That's a factual dispute. We're not asking the court to reach. We don't think that the court has jurisdiction to reach those factual issues, of course. But what's actually at issue here is whether or not the Veterans Court applied or used the right standard when it adjudicated this case. Don't we have to kind of delve into the facts in order to figure out whether it applied the right standard? I don't think you do, Your Honor, because I think you can look at the briefing to the Veterans Court as well as the Veterans Court's decision itself. I think you can look at the fact that we stated that we need a medical opinion on the potential medical significance of these lay statements that were submitted. We argued that the lack of such a medical opinion required the board to rely on its own medical opinion. And this court can also look at the Veterans Court's decision which did not list, in its listing of the legal standard that applies to adjudication of the adequacy of medical examiners, the Veterans Court did not list that portion of STFL that requires the examiner to clearly address the relevant medical facts as well as the fact that the court's response to our argument that we need a medical opinion on these issues is simply that the examiner does not need to address favorable evidence. That's a misinterpretation of the law because the examiner does need to address the potential medical significance of the facts of the case. There's no finding of fact in the Veterans Court's decision that the examiner did consider this evidence. And there's no finding of fact that this evidence was not medically significant. It would not have changed the examiner's opinion. So I think given that entire context, I think this court can simply look at the briefing and the Veterans Court's decision and determine that it has jurisdiction, that a legal question is presented, and that on the merits, this is a well-established rule of law in STFL and is consistent with VA's regulations that require an examination to be accurate and fully descriptive. Well, what they say is, second, the examiners were not required to discuss all favorable evidence. That's what you're citing. We're citing... Rather, the board, in relying on an opinion that does not do so, must discuss any additional favorable evidence to comply with its duty to provide an adequate statement of reason or basis for its decision. We're relying on that statement, the fact that that's the Veterans Court's response to our argument regarding this is medically significant evidence that you need a medical opinion, as well as on page 3 of the joint appendix, which is also page 3 of the Veterans Court's decision. And you know what they say next. Here, the board specifically addressed the pertinent medical and lay evidence, including evidence cited by Mr. Raymond as brave, and explained its assignment of probative value to the respective evidence. Right. Right. I'm sorry? Right. Yes. So we're arguing that it's not the board that needs to address this evidence and address its probative value. We're arguing that this evidence potentially has medical significance to the question of nexus, which the board conceded in its case, in its decision, that the veteran is not competent to render such an opinion. So it's the medical examiner and not the board that needs to address this evidence, because without such an opinion, the board's addressing of that evidence is simply its own medical opinion that that evidence is not relevant. And for those reasons, we ask the court to remand the case. Thank you, Mr. Leffler. We'll save you rebuttal time. Thank you. Mr. Tomlinson. Thank you, Your Honor. Please, the court. Your Honor, I'd like to pick off with the Steffel case, which Mr. Alaco discussed a lot, and which Mr. Alaco specifically said that was the basis for their argument here today, that he believes in their position is that this court should have jurisdiction over this case because the Veterans Court applied the wrong standard and should have applied the standard in Steffel. There are several important things I would like to note for this court on that. First of all, and most importantly, the standard in Steffel was the standard applied by the Veterans Court. I believe it's on page 4 of the record, where the Veterans Court, excuse me, it's on page 3 of the record, the Veterans Court's opinion, specifically states the standard and says a medical examination is adequate, quote, where it is based upon consideration of the veteran's prior medical history and examinations and also describes the disability in sufficient detail so that the board's evaluation of the claimed disability will be a fully informed one. And that is a direct quote from the Steffel case. So to the extent they're arguing that the wrong standard was applied and the Steffel standard should have been applied, the Steffel standard was applied, and that's clear from the record. The second thing I would like this court, I think it's worth talking about what the Steffel case actually said beyond just this statement that was quoted here, because Mr. Lacqua and the veteran seems to be taking this position that what Steffel actually required was that the medical examiner's report could only be adequate if it specifically discusses each and every piece of evidence. And that's simply not the case. If this court looks at the Steffel case in more detail, specifically at the end of the Steffel case at page 124 and 125 of that case, the veterans court did discuss some items that would generally appear in these examiner's reports and then went on to say, we merely provide an illustrative list of items that may be helpful for the board to consider in making a fully informed determination of whether a medical opinion contains such sufficient information that it does not require the board to exercise independent medical judgment. We do not hold that this list is exclusive or that any of these items would be necessary to render a valid opinion. We hold only that a mere conclusion by a medical doctor is insufficient to allow the board to make an informed decision as to what weight to assign to the doctor's opinion. So there the veterans court is going into more detail about that standard and specifically refuting Mr. Rem's characterization of that case that each and every piece of information must be specifically discussed by the examiner in order for that to be adequate. Instead, it's a more holistic standard where the board looks at the totality of the circumstances surrounding the examiner's report and determines whether or not it's adequate. And another thing I would just like to emphasize to this court is the examiner did know about these statements. In fact, at page 63 of the record, there's a specific reference to these buddy statements in the context of the fact that Mr. Rem was in contact with his fellow veterans. And so there's no evidence that the examiner didn't know about these or completely ignored these. In fact, the record specifically shows the examiner was aware of these. And so to the extent that Mr. Rem's position is that these were completely ignored by the examiner, that's simply contradicted by the record. And so our position is that although Mr. Rem has characterized this as a legal challenge and is purely to the standard, the fact is that the standard, even the standard that he's arguing for, is the STFL standard, and that was the standard that was applied by the veterans court. And what he's actually arguing, the gravamen of the veterans claim, is that this examiner's report was inadequate because it did not consider certain information. And that takes us directly back to this court's prior decision in Prinke and various cases cited by Prinke and Prinke's progeny in which this court has held that it does not have jurisdiction over challenges to the adequacy of a medical examiner's opinion. And so the secretary's position is certainly that this court does not have jurisdiction over this challenge because it is not, in fact, a challenge to the adequacy of the standard that the veterans court applied, but rather a challenge to the adequacy of the medical examiner's report. If this court has no further questions, we would ask this court to dismiss for lack of jurisdiction. Mr. Lacroix has a little rebuttal time. Thank you, Your Honor. I just want to start by emphasizing what's at issue in this case is not whether or not these examiners actually considered these statements. There's a factual dispute on that issue, and as the court noted in Wood v. Derwinski, the court shouldn't be resolving factual disputes. The question is, what is the test the veterans court used in adjudicating the adequacy of these examinations? It's our argument that under Steffel, there's three requirements, and the veterans court in its citation to Steffel did not list that third requirement that the examiner must clearly address the relevant facts in medical science. This was an important part of the court's decision in Steffel. Even though the veterans court quoted Steffel elsewhere in its decision, it specifically stated that without a medical opinion that clearly addresses the relevant facts in medical science, the board is left to rely on its own lay opinion, which it is forbidden from doing. That is at page 124 of the court's decision in Steffel. And then they stated again on the very next page, the board must determine whether a medical opinion contains sufficient information that it does not require the board to exercise independent medical judgment. It's our position here that these lay statements, which were not, the content of which was not addressed by the medical examiner in any way, the board is not competent to address the potential medical significance, whether or not the veterans reports to his friends in service indicate an onset of depression or potential cause of his current depression from those events in service, as well as the board is not competent to state whether or not that means that the PTSD stressor was sufficient. Are there any further questions from the panel? Apparently not. Thank you. Thank you very much. We'll take the case on review.